J-S67028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL CORTES SANCHEZ | : | |
| | : | |
| Appellant | : | No. 1172 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 13, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000952-2018

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.: **FILED MAY 05, 2020**

Appellant, Manuel Cortes Sanchez, appeals from the Judgment of Sentence entered June 13, 2019, following his guilty plea to two counts of Indecent Assault.[1] Appellant asserts that the trial court imposed an illegal criminal sentence when it designated him a sexually violent predator ("SVP") using the clear and convincing evidentiary standard. Our Supreme Court has determined that the clear and convincing evidentiary standard is constitutionally permissible because the registration, notification, and counseling ("RNC") requirements applicable to SVPs do not constitute criminal punishment. **Commonwealth v. Butler**, --- A.3d ---, 25 WAP 2018, * 1, 16 (Pa. filed Mar. 26, 2020) ("**Butler II**"). Accordingly, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

The underlying facts are not in dispute. In December 2018, Appellant entered a negotiated guilty plea to two counts of Indecent Assault. In exchange for his plea, the trial court imposed a sentence of one to five years of incarceration. Sentencing Order, 6/13/19.

In June 2019, the court held a hearing to determine whether Appellant met the criteria to be classified as a SVP. After reviewing the evidence, including an assessment by the Sexual Offenders Assessment Board, the court found by clear and convincing evidence that Appellant is a SVP. SVP Order, 6/13/19.

Appellant timely filed a Post Sentence Motion challenging his SVP-designation, which the trial court denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion.

Appellant raises the following issue on appeal:

> Whether the [trial court] erred in ordering that Appellant be designated a [SVP], thus requiring him to register as a lifetime offender under [the Sex Offender Registration and Notification Act ("SORNA")].

Appellant's Br. at 4.

Appellant asserts that the trial court imposed an illegal sentence when it designated him a SVP based upon clear and convincing evidence. ***See id.*** at 10-16 (citing in relevant part ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) ("***Butler I***")).

In **Butler I**, this Court determined that, pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), a SVP-designation triggered enhanced RNC requirements constituting punishment. 173 A.3d at 1215-16. We reasoned that, as punishment, a trial court could not impose these enhanced requirements absent proof beyond a reasonable doubt that the sexual offender was likely to engage in predatory sexual offenses. **Id.** at 1217-18 (citing **Apprendi** and **Alleyne**).[2]

However, the Pennsylvania Supreme Court recently reversed our determination. **Butler II**, **supra**, at * 1, 16. The Court distinguished the RNC requirements applicable to all sexual offenders from those enhanced requirements applicable only to SVPs and concluded that the latter were not punitive in effect because the government's primary concern was to protect the public from those individuals found to be "dangerously mentally ill." **Id.** at * 15. The Supreme Court held, therefore, that it remains constitutionally permissible to designate an individual a SVP based upon clear and convincing evidence. **Id.** at * 1, 16.

We are bound by this recent precedent. **See Commonwealth v. Morris**, 958 A.2d 569, 580 n.1 (Pa. Super. 2008) (*en banc*). Accordingly, Appellant's claim merits no relief.

Judgment of Sentence affirmed.

---

[2] **Apprendi v. United States**, 530 U.S. 466 (2000); **Alleyne v. United States**, 570 U.S. 99 (2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/05/2020</u>